(53 App. Div. 393.)

### MAY et al. v. GILLIS.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

LANDLORD AND TENANT—DESTRUCTION OF BUILDING BY WEATHER—TENANT'S COVENANT TO REPAIR.

     Where a tenant covenants in his lease to make all outside and inside repairs, he waives the operation of Laws 1896, c. 547, § 197, providing for a surrender of leased premises when they have been destroyed or so injured by the elements as to be untenantable.

Appeal from trial term, Kings county.

Action by Nathan May and others, partners as May, Levy & May, against Constant Gillis. From a judgment for plaintiffs entered on a verdict directed by the court, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

E. D. Benedict (John F. Brush, on the brief), for appellant.
A. M. Fragner, for respondents.

WILLARD BARTLETT, J. The principal question in this case is whether the defendant, who was a tenant of the plaintiffs, is relieved from his liability for rent under the lease between the parties by virtue of the operation of section 197 of the real property law, which is substantially a re-enactment of chapter 345 of the Laws of 1860 (Laws 1896, c. 547). That section reads as follows:

     "Where any building, which is leased or occupied, is destroyed or so injured by the elements, or any other cause as to be untenantable, and unfit for occupancy, and no express agreement to the contrary has been made in writing, the lessee or occupant may, if the destruction or injury occurred without his fault or neglect, quit and surrender possession of the leasehold premises, and of the land so leased or occupied; and he is not liable to pay to the lessor or owner, rent for the time subsequent to the surrender."

The leased premises consisted of a main building having a width of 46 feet fronting on Broadway, near Granite street, in the present borough of Brooklyn. The lease was for three years, beginning on May 1, 1897. In November, 1898, a part of the building, which is described as having formerly been a bowling alley, and as being a kind of shed, 13 feet wide, collapsed in consequence of the weight of the snowfall upon the roof. After this accident the defendant refused to pay any more rent, on the ground that in consequence thereof the premises had become untenantable and unfit for occupancy, and he was therefore entitled to the protection of the statute cited. It is doubtful whether, in any view of the case, the damage was extensive enough to interfere with the occupation of the leased premises as a whole, but it is unnecessary to pass upon this question. The lease expressly bound the lessee to maintain the premises in repair. The language of the instrument is, "All inside and outside repairs to be made by said party of the second part." This agreement is plainly broad enough to include the obligation to make good the disastrous effects of the snowfall under which the shed gave way. "A general covenant is binding upon the tenant under all circumstances. If the injury proceeds from the act of a stranger, from storms, floods, lightning, accidental fire, or public enemies, he is as much bound to repair as if it came from his own voluntary act. Such has been the settled rule since the time of Edward III. If the tenant desires to relieve himself from liability for injuries resulting from any of the causes above enumerated, or from any other cause whatever, he must take care to except them from the operation of his covenant." Polack v. Pioche, 35 Cal. 416, 422. In the present case no such exception can be found, and it is clear that the effect of the covenant on the part of the lessee was to render the section of the real property law which authorizes a surrender when the leased property ceases to be tenantable unavailable in his behalf.

It follows that the tenant was rightly held liable for the rent.

Judgment affirmed, with costs. All concur.